## AMERICAN BANKERS' INS. CO. v. PEOPLE'S UNDERTAKING CO. et al.
### No. 11581.

Court of Civil Appeals of Texas. Dallas.

Feb. 2, 1935.

Harvey C. Ford, of Dallas, for appellant.

W. O. Scott, of Dallas, for appellees.

LOONEY, Justice.

This suit is based on two life insurance policies issued by the American Bankers' Insurance Company to Brady Mack, in which his wife was named as beneficiary. On the death of insured, the beneficiary assigned an interest in the policies to People's Undertaking Company. The American Bankers' Insurance Company appeals from an adverse judgment rendered on said policies in favor of the beneficiary and the assignee, for the amount of the policies, interest, 12 per cent. damages, and a reasonable attorney fee.

The material contention of appellant is that the facts do not sustain the judgment render-

ed. The findings of fact by the jury and court are, in our opinion, sustained by the evidence and authorized a judgment for plaintiffs, but not for the amount rendered. The evidence shows conclusively, we think, that insured was at least twenty-nine years of age (and not twenty-four) at the time the policies were issued, hence the premium paid purchased only $295 worth of insurance, and not $307, as mentioned in the judgment. On this amount, plaintiffs were entitled to 6 per cent. interest for the period beginning two months after proof of death was made (see subdivision 10, art. 4732) to the date of judgment, March 21, 1933; hence, plaintiffs were entitled to only $15.73 interest, instead of $21.42, mentioned in the judgment. As the correct amount of the insurance was $295, plaintiffs were only entitled to 12 per cent. damages, calculated on this amount, which produces $35.40, instead of $36.84, mentioned in the judgment.

So, it being our opinion that the judgment is excessive in the aggregate amount of these three items, to wit, $19.13, and should have been for $446.13 instead of $465.26, therefore, the judgment is reformed in the respects mentioned, and, as reformed, is affirmed for the sum of $446.13. As appellant objected in the court below to the judgment in the respects above mentioned, all costs of the appeal will be taxed against appellees.

Reformed and affirmed.